# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL G. PRUITT II, DONNA M. PRUITT,** **individually and on behalf of minor child, J.P.;** **ALICIA TUCKER, on behalf of minor child,** **H.T.;** | ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| **vs.** | ) **CIVIL ACTION NO.:** ) |
| **HANSEN & ADKINS, INC.;** **HANSEN & ADKINS AUTO TRANSPORT,** **INC.; ROYAL TRUCK LEASING LLC;** **HANSEN &ADKINS AUTO LOGISTICS, INC.;** **JAMES B. WOODFORK;** **WOODFORK ENTERPRISES, INC.;** **ASMAT INVESTMENT, LLC dba ASMAT** **EXPRESS; MAMUYE AYANE TAKELU;** **SAMSARA, INC.; VOLVO GROUP NORTH** **AMERICA, LLC dba VOLVO TRUCKS** **NORTH AMERICA; MOLO SOLUTIONS,** **INC;ARCBEST CORPORATION; et al.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) |

## <u>NOTICE OF REMOVAL OF CIVIL ACTION BY MOLO SOLUTIONS,</u> <u>LLC F/K/A DJM LOGISTICS, LLC D/B/A MOLO SOLUTIONS</u>

### JOEL H. PEARSON (ASB-8033-N71J)
*Attorney for Defendant*

### OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
445 Dexter Avenue, Suite 9045
Montgomery, Alabama 36102-2148
Telephone:   334-387-7680
Facsimile:   334-387-3222
E-mail: jpearson@ball-ball.com

## <u>TABLE OF CONTENTS</u>

A. Introduction ...................................................................................... 1

B. Background and Applicable Procedural Requirements ........................................ 1

C. This Case Involves the Original Jurisdiction of this Court and Thus Subject to
   Removal under 28 U.S.C. § 1331 ........................................................ 3

D. This Case Involves the Original Jurisdiction of this Court and Thus Subject to
   Removal under 28 U.S.C. § 1337 ...................................................... 12

E. Venue is Proper in this Court and the Effectuation of Removal........................ 14

## Table of Authorities

*Cases*

*Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 233 n. 8 (1995) ..................................... 4

*Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2013) ........................................... 6

*Creagan v. Wal-Mart Transp., LLC*, 354 F.Supp.3d 808 (N.D. Ohio 2018) ............ 7

*Derouen, et al. v. Swan Transportation Services, Ltd., et al.,* Case No.: 1:23-CV-0193-LY (W.D. Tex. Mar. 21, 2023)……………………………………………..8, 11

*Enbridge Energy, LP v. Imperial Freight Inc.*, Case No. H-14-2615, 2019 WL 1858881, at *2 (S.D. Tex. April 25, 2019)................................................................ 9

*Estate of Flanagan v. BNSF Railway Co.*, 1:21-cv-00014 (S.D. Iowa Nov. 19, 2021)..................................................................................................................... 7,11

*Gauthier v. Hard to Stop LLC*, No.: 6:20-cv-93, 2022 WL 344557 (S.D. Georgia, Feb. 4, 2022) ...........................................................................6-7,11

*Georgia Nut Co. v. C.H. Robinson Co.*, No. 17 C 3018, 2017 WL 4864857 (N.D. Ill. Oct. 26, 2017) ...................................................................................................... 9

*Gillum v. High Standard, LLC*, Civil Action No. SA-19-CV-1378-XR (W.D. Tex. Jan. 27, 2020) .....................................................................................................7-8

*Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)...................................................................................................................... 13

*Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016)……………………………………………………12-13

*Gunn v. Minton*, 568 U.S. 251, 258 (2013)........................................................... 13

*Jackson v. Stevie Trucking Corp.*, Case No. 2019-4634, Civil District Court for the Parish of Orleans, State of Louisiana ................................................................. 7, 10

*Krauss v. IRIS USA, Inc.*, 2018 WL 2063839 (E.D. Penn. May 3, 2018) ............ 6,9

*Krauss v. IRIS USA, Inc.*, 2018 WL 3632107 (E.D. Penn. July 31, 2018) .............. 7

*Lee v. Werner Enterprises, Inc.*, Civil Action No. 3:22-cv-91
(N.D. Ohio, Nov. 3, 2022) .................................................................................. 8, 11

*Leonard v. Tejas Materials, Inc.*, 2020 WL 4287580 (S.D. Tex. Jul. 24, 2020) ... 6, 9

*Loyd v. Paul Salazar d/b/a RAS Trucking*, 2019 WL 4577108
(W.D. Okla. Sept. 20, 2019) ..................................................................................... 6

*McCarter v. Ziyar Express, Inc., et al.*, 2023 WL 144844 (N.D. Ohio, Jan.uary
10, 2023)……………………………………………………………………….8, 11

*Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ....................... 13

*Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 388 (1992) ............................ 4

*Non Typical, Inc. v. Transglobal Logistics Grp. Inc.*, Nos. 10–C–1058, 11–C–0156,
2012 WL 1910076, at *2 (E.D. Wis. May 28, 2012) ................................................. 4

*Simpson, et. al. v. Omega Precision, Inc.*, Case No. 34-2017-00210287, Superior
Court of the State of California, County of Sacrament……………………….7, 9-10

*Volkova v. C.H. Robinson Co.*, 2018 WL 741441 (N.D. Ill. Feb. 7, 2018) .............. 6

*Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998) ....................................... 13

*Zamorano v. Zyna LLC*, Civil Action No. SA-20-00151-XR
(W.D. Tex. May 11, 2020) ......................................................................................... 7

**Statutes**

28 U.S.C. § 1331 ..................................................................................... 1, 3, 4, 12

28 U.S.C. § 1337 .......................................................................................... 1, 12

28 U.S.C. § 1367 ................................................................................................. 3

28 U.S.C. § 1391(b) ........................................................................................... 14

28 U.S.C. § 1441 ...................................................................................... 1, 11-12

28 U.S.C. § 1441(b) ............................................................................................. 6

28 U.S.C. § 1441(c)(2) ....................................................................................... 15

28 U.S.C. § 1446 ............................................................................................ 1, 2

28 U.S.C. § 1446(a) ...................................................................................... 1, 14

28 U.S.C. § 1446(b) ............................................................................................ 2

28 U.S.C. § 1446(d) ........................................................................................... 15

49 U.S.C. § 13102(2) ........................................................................................... 5

49 U.S.C. § 13102(23) ......................................................................................... 5

49 U.S.C. § 14501(b)(1) ....................................................................................... 5

49 U.S.C. § 14501(c)(1) .............................................................. 3-5, 9-11, 14

## *Regulations*

49 C.F.R. 371.2 ................................................................................................... 5

49 C.F.R. 371.2(c) ............................................................................................... 4

A.    **Introduction.**

Pursuant to 28 U.S.C. §§ 1331, 1337, 1441 and 1446, Molo Solutions, LLC f/k/a DJM Logistics, LLC d/b/a MoLo Solutions ("MoLo"), gives notice of removal of this case from the Circuit Court of Butler County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, respectfully submitting the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal."

B.    **Background and Applicable Procedural Requirements.**

1.    On February 27, 2023, Plaintiffs Michael G. Pruitt, II, individually, and on behalf of minor child, J.P; and Alicia Tucker, on behalf of minor child, H.T., initiated suit in the Circuit Court of Butler County, Alabama, as Case No. CV-2023-900022, originally styled *Michael G. Pruitt, II, et al. v. Hansen & Adkins, Inc., et al.* (the "State Court Action"). See **Exhibit A** at Doc. 2.

2.    MoLo was named as a defendant in the State Court Action in Plaintiffs' Complaint styled *Michael G. Pruitt, II, et al. v. Hansen & Adkins Auto Transport, Inc., et al.,* filed on February 27, 2023.  See **Exhibit A** at Doc. 2.  MoLo received notice of the lawsuit when it was served on March 7, 2023.  See **Exhibit A** at Doc. 23.

3.    Therefore, this Notice of Removal is timely filed because it is being

1

filed within 30 days after receipt by MoLo of the initial pleading setting forth the claims for relief, as required by 28 U.S.C. §1446(b).

4.      Accompanying this Notice of Removal is a copy of the Plaintiffs' Complaint (**Exhibit A** at Doc. 2) and the attached receipt and service documents (**Exhibit A** at Doc. 23), which are all the process, pleadings, and orders served upon Defendant along with all the process, pleadings, and orders served in the State Court Action, and made a part hereof in accordance with 28 U.S.C. § 1446, and identified and incorporated herein as **Exhibit A**.

5.      Plaintiffs allege in the Complaint that they were injured as a result of an accident that occurred on June 19, 2021, in Butler County, Alabama. (**Exhibit A** at Doc. 2 at ¶ 27). Plaintiffs' Complaint at multiple paragraphs judicially admits that MoLo was the freight broker for the cargo being hauled by Asmat Investment, LLC ("Asmat") and it is as a result of these brokerage services that MoLo is being sued in this civil action. *See* Complaint at ¶¶ 24, Count Fourteen ("Broker Liability – MoLo Solutions, LLC . . .").

6.      MoLo is only authorized by the federal government to act as a freight broker. Attached as **Exhibit B** is a copy of MoLo's broker authority issued by the Federal Motor Carrier Safety Administration ("FMCSA"). Plaintiffs' allegations

cannot be any clearer that they are seeking to hold MoLo liable for its activities arranging the interstate transportation of freight, those allegations must as a matter of fact and law be directed at MoLo because of its brokerage services.

**C.    This Case Involves the Original Jurisdiction of this Court and Thus Subject to Removal under 28 U.S.C. § 1331.**

7.    This case is removable to this Court under the jurisdictional grant set forth in 28 U.S.C. § 1331, in that Plaintiffs' causes of action implicate the Court's original jurisdiction.  This Court has supplemental jurisdiction of all other claims pursuant to 28 U.S.C. § 1367.

8.    Plaintiffs allege negligence-based claims against MoLo arising out of alleged personal injuries.  As pled by Plaintiffs, the claims arise from MoLo's services as a licensed freight broker arranging for the transportation by motor carrier of goods.

9.    Removal is proper here because MoLo is a licensed freight broker which arranges the transportation of goods through both intrastate and interstate commerce and the claims advanced relate to the services provided by MoLo.  The power of the states to regulate the intrastate and interstate transportation of goods is expressly constrained by the Interstate Commerce Commission Termination Act ("ICCTA"), which provides, in pertinent part:

3

> *a State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier ... or any motor private carrier, broker, or freight forwarder with respect to the transportation of property . . . .*

*See* 49 U.S.C. § 14501(c)(1) (emphasis added) and 49 U.S.C. § 14501(b)(1).  The ICCTA expressly preempts state law claims against freight brokers.  Consequently, the claims against a defendant freight broker raise a federal question pursuant to 28 U.S.C.A. § 1331.  Specifically, the claims advanced against MoLo are nothing more than an attempt at regulating the "services" offered by a freight broker, *i.e.*, how it chooses a carrier for the transportation of goods through intrastate/interstate commerce.  *See* 49 C.F.R. 371.2(c) (defining freight broker service as: "Brokerage or brokerage service is the arranging of transportation or the physical movement of a motor vehicle or of property.").  Even though the claims advanced by Plaintiffs against MoLo sound in state law, those claims fall within the category of claims preempted by 49 U.S.C. § 14501(c)(1) and 49 U.S.C. § 14501(b)(1), because "[s]tate common law counts as an 'other provision having the force and effect of law.'"  *See Non Typical, Inc. v. Transglobal Logistics Grp. Inc.*, Nos. 10–C–1058, 11–C–0156, 2012 WL 1910076, at *2 (E.D. Wis. May 28, 2012) (citing *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 233 n. 8 (1995); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 388 (1992)).

4

10.     The regulation of services provided by a freight broker in interstate and intrastate commerce has been completely preempted by the express language of 49 U.S.C. § 14501(c)(1) and 49 U.S.C. § 14501(b)(1).  Under the Interstate Commerce Act, a freight broker is:

> a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation.

49 U.S.C. § 13102(2).  In turn, the term "transportation" includes:

> (A) a motor vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, regardless of ownership or an agreement concerning use; and

> (B) *services related to that movement, including arranging for,* receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property.

49 U.S.C. § 13102(23) (emphasis added).  As the statutory language makes clear, the "services" provided by a freight broker are those of arranging for the transportation of goods via motor carriers.  *See* 49 C.F.R. § 371.2.  The claims advanced in the instant litigation against MoLo seek to regulate those "services" by imposing a heightened standard of care defined under state common law.  Under the doctrine of complete preemption, "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of

5

action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court." *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2013).  Congress has expressly displaced all state law claims seeking to regulate the manner in which freight brokers select motor carriers.

11.    This civil action is slightly nuanced in that it advances personal injury claims, as opposed to property damage claims, but there is no doctrinal reason for a different result. *See Leonard v. Tejas Materials, Inc.*, 2020 WL 4287580 (S.D. Tex July 24, 2020).  However, property damage claims are routinely removed around the country under the foregoing statute, the preemption of negligence-based claims against freight brokers is not a new or foreign concept in the district courts making up the Eleventh Circuit. *See, e.g., Gauthier v. Hard to Stop LLC*, No.: 6:20-cv-93, 2022 WL 344557 (S.D. Georgia, Feb. 4, 2022).

12.    The following cases have found no doctrinal distinction for treating personal injury claims against a freight broker any different from property damage claims against a freight broker:

    a.    *Volkova v. C.H. Robinson Co.*, 2018 WL 741441 (N.D.Ill. Feb. 7, 2018);

    b.    *Krauss v. IRIS USA, Inc.*, 2018 WL 2063839 (E.D. Penn. May 3, 2018) (A case that relied in part on *Volkova* to find that personal injury claims

against a freight broker are preempted);

c.  *Krauss v. IRIS USA, Inc.*, 2018 WL 3632107 (E.D. Penn. July 31, 2018) (The court addressed the same issue on reconsideration and affirmed);

d.  *Creagan v. Wal-Mart Transp., LLC*, 354 F.Supp.3d 808 (N.D. Ohio 2018);

e.  *Loyd v. Paul Salazar d/b/a RAS Trucking*, 2019 WL 4577108 (W.D. Okla. Sept. 20, 2019);

f.  *Jackson v. Stevie Trucking Corp.*, Case No. 2019-4634, Civil District Court for the Parish of Orleans, State of Louisiana;

g.  *Simpson, et. al. v. Omega Precision, Inc., et. al.*, Case No. 34-2017-00210287, Superior Court of the State of California, County of Sacramento;

h.  *Gillum v. High Standard, LLC*, Civil Action No. SA-19-CV-1378-XR (W.D. Tex. Jan. 27, 2020);

i.  *Zamorano v. Zyna LLC*, Civil Action No. SA-20-00151-XR (W.D. Tex. May 11, 2020);

j.  *Estate of Flanagan v. BNSF Railway Co.*, 1:21-cv-00014 (S.D. Iowa Nov. 19, 2021);

k.  *Gauthier v. Hard to Stop LLC*, No.: 6:20-cv-93, 2022 WL 344557 (S.D. Georgia, Feb. 4, 2022);

7

l.   *Lee v. Werner Enterprises, Inc.*, Civil Action No. 3:22-cv-91 (N.D. Ohio, Nov. 3, 2022);

m.   *McCarter v. Ziyar Express, Inc., et al.*, 2023 WL 144844 (N.D. Ohio, January 10, 2023); and

n.   *Derouen, et al. v. Swan Transportation Services, Ltd., et al.,* Case No.: 1:23-CV-0193-LY (W.D. Tex. Mar. 21, 2023).

All of the foregoing cases have found that negligence-based claims against a freight broker arising from alleged personal injuries are preempted as a matter of federal statutory law.

13.   Indeed, the Western District of Texas recently found that negligence-based claims against a freight broker are preempted by the FAAAA and subject to removal.  *Gillum v. High Standard, LLC*, No. SA-19-CV-1378-XR, 2020 WL 444371, at *5-6 (W.D. Tex. Jan. 27, 2020); *see also Zamorano v. Zyna LLC*, No. SA-20-CV-00151-XR, 2020 WL 2316061, at *5 (W.D. Tex. May 11, 2020).

14.   In *Gillum*, the court addressed claims identical to those in the current case.  In that case, the plaintiff sued a driver, several trucking companies, and a freight broker.  The court held the claims were preempted and removal was proper before remanding the matter back to state court to address the claims against the remaining defendants.  The court recognized that the claims made by the plaintiff

8

related to the services provided by a broker: "In essence, Plaintiff claims that [the broker] was negligent in arranging for the transportation of property between motor carriers. These allegations 'go to the core of what it means to be a careful broker.'" *Gillum at \*8* (quoting *Krauss v. IRIS USA, Inc.*, 2018 WL 2063839, at \*5 (E.D. Pa. May 3, 2018)). A claim against a freight broker under a negligent hiring theory, based upon the selection of a carrier is completely preempted under the FAAAA. *See id*; *see also Georgia Nut Co. v. C.H. Robinson Co.*, No. 17 C 3018, 2017 WL 4864857 (N.D. Ill. Oct. 26, 2017).

15.     In upholding the preemption afforded freight brokers, Judge Rodriguez in *Gillum* methodically took apart the common arguments made by plaintiffs in fighting the enforcement of federal preemption. *See Gillum* at pp. 7-13.

16.     The same conclusion was reached by a judge in the Southern District of Texas in a personal injury case, who found that negligence-based claims against a freight broker were potentially preempted by the FAAAA and that preemption provided a basis for removal. *See Leonard v. Tejas Materials, Inc.*, 2020 WL 4287580 (S.D. Tex July 24, 2020) and *see also Enbridge Energy, LP v. Imperial Freight Inc.*, Case No. H-14-2615, 2019 WL 1858881, at \*2 (S.D. Tex. April 25, 2019) (a cargo damage case where the Court found that those claims were preempted by the FAAAA).

9

17.     As mentioned above, a similar result was achieved in California state court on October 16, 2017.  *See Simpson v. Omega Precision, Inc.*, Case No. 34-2017-00210287, Superior Court of the State of California, County of Sacramento (opinion attached as **Exhibit C**).  In that case, a freight broker was sued by the family of a driver of a retained motor carrier who was severely injured (and later died) while loading cargo onto his truck.  The decedent's family sued the freight broker on a theory of negligence.  The freight broker moved to dismiss the action arguing that the claims were preempted.  After briefing and oral argument, the Court agreed that the claims against the freight broker were expressly preempted finding that:

> A freight broker is not a motor carrier.  The broker does not control the means by which the motor carrier completes its task. At no time does the broker have care, custody or control over the cargo or the means of transportation.  The preemption set forth in 49 U.S.C. § 14501(c)(1) provides statutory protection in recognition of the broker's limited role.

*Id.*

18.     Likewise, a Louisiana state court issued a judgment on October 11, 2019, upholding preemption in a case arising from an accident that allegedly resulted in two fatalities.  *See Jackson v. Stevie Trucking Corp.*, Case No. 2019-4634, Civil District Court for the Parish of Orleans, State of Louisiana (judgment attached as **Exhibit D**).  In that case, a freight broker was sued by the minor child of an

individual who was allegedly killed by a retained motor carrier. The decedent's family sued the freight broker on a theory of negligence. The freight broker moved to dismiss the action arguing that the claims were preempted. After briefing and oral argument, the Court agreed that the claims against the freight broker were expressly preempted finding that "all negligence-based claims against a freight broker . . . are preempted by 49 U.S.C. § 14501(c)(1)." *Id.*

19.    The same conclusion was recently reached in the Southern District of Iowa in *Flanagan v. BNSF Railway Co.*, No. 1:21-cv-00014-RGE-HCA, (S.D. Iowa, (November 19, 2021) (**Exhibit E**); in the Northern District of Georgia in *Gauthier v. Hard to Stop LLC*, No.: 6:20-cv-93, 2022 WL 344557 (S.D. Georgia, Feb. 4, 2022) (**Exhibit F**); *Lee v. Werner Enterprises, Inc.*, Civil Action No. 3:22-cv-91 (N.D. Ohio, Nov. 3, 2022) (**Exhibit G**); *McCarter v. Ziyar Express, Inc., et al.*, 2023 WL 144844 (N.D. Ohio, January 10, 2023)(**Exhibit H**); and in *Derouen, et al. v. Swan Transportation Services, Ltd., et al.,* Case No.: 1:23-CV-0193-LY (W.D. Tex. Mar. 21, 2023)(**Exhibit I**).    These cases and others referenced above support the proposition that the instant alleged personal injury claims are preempted by federal statute and subject to removal.

20.    Furthermore, there is no Eleventh Circuit jurisprudence finding that removal on these grounds is not allowed, thus this removal is made in good faith.

As such, removal of this action is proper under 28 U.S.C. § 1441 because this is a civil action brought in state court over which the federal district courts would have had original jurisdiction had the action been commenced in federal court.

21.     Additionally, civil actions are removable pursuant to 28 U.S.C. § 1331 without regard for the citizenship of the parties or the amount in controversy. *See* 28 U.S.C. § 1441.

22.     This matter is therefore removable under 28 U.S.C. § 1441 in that it is a civil action over which the United States District Court for the Middle District of Alabama has original subject matter jurisdiction under 28 U.S.C. § 1331.

**D.     This Case Involves the Original Jurisdiction of this Court and Thus Subject to Removal under 28 U.S.C. § 1337.**

23.     As an additional ground, 28 U.S.C. § 1337 supports removal because the claims advanced by Plaintiffs arise under an "Act of Congress regulating commerce or protecting trade and commerce against restraints . . . ." Freight brokers are transportation intermediaries created by Congress and state-based claims that seek to enforce a state-law defined standard of care should be viewed as attempts at restraining commerce.

24.     As this Court knows, "[f]ederal question jurisdiction exists if the well-pleaded complaint establishes either [1] that federal law creates the cause of action

or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998)).  The first path, in which federal law creates the cause of action, is the most common path to federal-question jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  The second path, in which the well-pleaded complaint raises "significant federal issues," *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), is much less common.  The United States Supreme Court recently explained the second path to federal-question jurisdiction as follows: "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (interpreting *Grable*).

25.    In connection with the foregoing, the instant dispute against a federally licensed freight broker arising from its licensed activities fits this second path as well.  More particularly:

(1)    Plaintiffs' right to relief necessarily depends on the resolution of a substantial question of federal law, i.e., the appropriate standard of care when selecting federally licensed motor carriers.

(2)    Plaintiffs' allegations invoking state law negligence claims represent a dispute as to the effect and breadth of federal law as it concerns freight brokers and the services they offer.

(3)    The federal issue is substantial because if Plaintiffs are correct that state law applies, freight brokers by necessity must conform to a patchwork of state law based duties of care when selecting federally licensed motor carriers to haul freight through interstate/intrastate commerce.

(4)    To the extent this Court may enforce the intent of Congress to constrain the power of the states to regulate the interstate/intrastate transportation of goods as expressly provided by the ICCTA, this does not disrupt the federal/state balance approved by Congress.

**E.    Venue is Proper in this Court and the Effectuation of Removal.**

26.    Venue is proper in this Court pursuant to 28 U.S.C. §1446(a), as the District Court for the Middle District of Alabama, Northern Division, are the district and division within which the State Court Action is pending, and pursuant to 28 U.S.C. §1391(b).

27.    MoLo hereby removes this matter to the United States District Court for the Middle District of Alabama, Northern Division.

28.    MoLo is alleged to have acted as a freight broker in connection with the interstate transaction that is the subject of this action and is consequently entitled to invoke the above-referenced provision, 49 U.S.C. §14501(c)(1).   MoLo is not

14

obligated to seek the consent of any non-freight broker defendant in connection with this Notice of Removal.  *See* 28 U.S.C. § 1441(c)(2) ("Only defendants against whom a claim described in paragraph (1)(A) [original jurisdiction] has been asserted are required to join in or consent to the removal under paragraph (1)").  The only defendant that also serves as a freight broker is Hansen & Adkins Auto Logistics, Inc.  Hansen & Adkins Auto Logistics, Inc. has consented to this removal.  (**Exhibit J**).

29.    That said, MoLo has also obtained consent from all other defendants served in this action, except Defendant Samsara, Inc., which is not required by 28 U.S.C. § 1441(c)(2) to join in or consent to this removal.  (**Exhibits J, K, L, and M**).  Defendants Woodfork Enterprises, Inc., and Asmat Investment, LLC, dba Asmat Express, have not been served with the Complaint in this action.

30.    The jurisdictional allegations of this Notice were true at the time the State Court Action was commenced against this Defendant and remain true as of the date of filing of this Notice of Removal.

31.    In addition, pursuant to 28 U.S.C. § 1446(d), Defendant has filed a true and correct copy of this Notice of Removal with the Circuit Court of Butler County, Alabama.  A copy of the Notice of Filing Notice of Removal filed with the Circuit Court of Butler County, Alabama, is attached to this Notice of Removal. (**Exhibit

**N).**

32.    By virtue of this Notice of Removal, MoLo does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure. Further, MoLo reserves the right to submit additional evidence and assert supplemental grounds in support of removal as appropriate in future circumstances.

33.    Plaintiffs did demand a trial by jury in the State Court Action.

34.    Defendant has tendered the filing fee to the Clerk of the United States District Court for the Middle District of Alabama, along with the original Notice of Removal. A copy of this Notice of Removal is also being filed in the Circuit Court of Butler County, Alabama, and all counsel of record are being provided with complete copies.

35.    Accordingly, Defendant MoLo respectfully prays that this action be removed to the United States District Court, Middle District of Alabama.

Respectfully submitted this the 29th day of March, 2023.

/s/ Joel H. Pearson
**JOEL H. PEARSON ASB-8033-N71J**
*Attorney for Defendant MoLo Solutions, LLC, LLC f/k/a DJM Logistics, LLC d/b/a MoLo Solutions*

16

**OF COUNSEL:**
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
445 Dexter Avenue, Suite 9045
Montgomery, Alabama 36102-2148
Telephone:   334-387-7680
Facsimile:   334-387-3222
E-mail:       jpearson@ball-ball.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing document upon the following parties and/or attorneys through the Court's electronic filing system and/or by U.S. First Class Mail on this the 29th day of March, 2023:

*Attorneys for Plaintiffs*
Patrick L. Hays, Jr.
The Hays Law Firm
415 E. Commerce Street
Greenville, AL 36037
phays@hays-lawfirm.com

*Attorney for Defendant Mamuye Takelu*
Jannea S. Rogers
Blake T. Richardson
Adams and Reese LLP
P.O. Box 1348
Mobile, Alabama 36633
jannea.rogers@arlaw.com
blake.richardson@arlaw.com

*Attorney for Defendant ArcBest Corporation*
Thomas L. Oliver, II
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216
toliver@carrallison.com

*Attorneys for Defendants, James Woodfork;*
*Hansen & Adkins Auto Logistics, Inc.;*
*Hansen & Adkins Auto Transport, Inc.; and*
*Royal Truck Leasing, LLC.*
William E. Pipkin, Jr.
Austill, Lewis, Pipkin & Maddox, P.C.
Post Office Box 2885
Mobile, Alabama 36652-2885
bpipkin@maplaw.com

Richard W. Lewis
Joseph E.B. Stewart
Brandi B. Frederick
Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, Suite 100
Birmingham, Alabama 35226
r-lewis@maplaw.com
jstewart@maplaw.com
bfrederick@maplaw.com

17

_Attorneys for Defendant Samsara, Inc._
Scott Burnett Smith
Hunter W. Pearce
Bradley Arant Boult Cummings LLP
200 Clinton Avenue W, Suite 900
Huntsville, AL 35801
ssmith@bradley.com
hpearce@bradley.com

Charles A. Stewart III
Bradley Arant Boult Cummings LLP
445 Dexter Avenue, Ste. 9075
Montgomery, AL 36104
cstewart@bradley.com

Riley A. McDaniel
Bradley Arant Boult Cummings LLP
1819 5th Ave. N., #200
Birmingham, AL  35206
rmcdaniel@bradley.com

_Attorney for Defendant Volvo Group, North America, LLC. dba Volvo Trucks North America_
John C. Morrow
Burr & Forman, LLP
420 20th St. N., Ste. 3400
Birmingham, AL 35203
jmorrow@burr.com

James M. J. Russell
400 Fort Dale Rd.
Greenville, AL 36037-1404
mack@mackrussell.com

/s/ Joel H. Pearson
OF COUNSEL

18